IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Dakota Fence Company,<br><br>       Plaintiff,<br><br>v.<br><br>Hugo Home Improvement LLC,<br><br>       Defendant. | Court File No.:_____<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

For its Complaint against Defendant, Plaintiff states and alleges the following:

## **PARTIES**

1. Plaintiff Dakota Fence Company ("Dakota Fence" or "Plaintiff") is a North Dakota corporation with its principal place of business at 1110 25th Avenue North, Fargo, North Dakota 58102.

2. Plaintiff does business under the name "Dakota Fence".

3. Upon information and belief, Defendant Hugo Home Improvement LLC ("Defendant") is a North Dakota limited liability company having its principal place of business at 1025 E Highland Acres Road, Bismarck, North Dakota 58501.

## **JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a) in that this case arises under the Trademark Laws of the United States, 15 U.S.C. §§ 1051, *et seq*.

5. This Court has subject matter jurisdiction of the unfair competition claims herein under the provisions of 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the Trademark Laws of the United States, 15 U.S.C. §§ 1051, *et seq*.

6.     This Court has subject matter jurisdiction of all claims herein arising under state law pursuant to 28 U.S.C. § 1367.

7.     This Court has personal jurisdiction over Defendants because Defendant conducts business in this judicial district and in the State of North Dakota and the acts complained of herein occurred in and/or caused harm in this judicial district and in the State of North Dakota.

8.     Venue is proper under 28 U.S.C. § 1391 (a), (b), and (c), and § 1395.

## DAKOTA FENCE TRADEMARKS

9.     Plaintiff Dakota Fence is the registered owner of United States Trademark Registration No. 3,495,330 covering the standard character mark "DAKOTA FENCE" (the "DAKOTA FENCE Word Mark").  Said registration is now outstanding, valid and incontestable.

10.    Plaintiff Dakota Fence adopted the DAKOTA FENCE Word Mark on or about 1972.  The DAKOTA FENCE Word Mark has been used continually by Dakota Fence in interstate commerce to identify certain of its goods and services and to distinguish such goods and services from those made and sold by others.

11.    Plaintiff Dakota Fence is the registered owner of United States Trademark Registration No. 3,495,331 covering the mark "DAKOTA FENCE" and design (the "DAKOTA FENCE Design Mark").  Said registration is now outstanding, valid and incontestable.

12.    Plaintiff Dakota Fence adopted the DAKOTA FENCE Design Mark on or about 1999.  The DAKOTA FENCE Design Mark has been used continually by Plaintiff Dakota Fence in interstate commerce to identify certain of its goods and services and to distinguish such goods and services from those made and sold by others.

13.    Plaintiff Dakota Fence has established, through continuous, long-term use in commerce, common law rights in the mark "DAKOTA FENCE" and in the use of the word "DAKOTA FENCE" as a trade name or part of a trade name.

171740277v1

14. The goods and services covered by Plaintiff's federally registered marks, the common law marks and trade name rights (collectively the "DAKOTA FENCE Marks"), include, without limitation, selling, manufacturing, and installing fence for others; namely, commercial, residential, governmental, and industrial chain link, wood, PVC, wrought iron, and aluminum fence for others; selling, manufacturing and installing fence materials and parts, gates, dog kennels, guardrails, railings, signs, sign posts, and flag poles; selling and installing playground equipment, playground surfaces, flooring, padding, hoops, standards and supports, volleyball, nets, posts, training devices, divider curtains, mats, lockers, soccer goals, tennis nets, wind screens, batting cages, scoreboards, and marquees; and repair and maintenance of each and all of the foregoing.

15. Plaintiff Dakota Fence and the DAKOTA FENCE Marks are very well known, including, without limitation, throughout the Upper Midwest. Plaintiff has conducted business and used the DAKOTA FENCE Marks in interstate commerce consistently and repeatedly, including, without limitation, in North Dakota, South Dakota, Minnesota, Wisconsin, Montana, Wyoming, and Illinois.

16. Plaintiff Dakota Fence has expended considerable time, resources and effort in promoting the DAKOTA FENCE Marks and developing substantial goodwill associated therewith.

17. Due to the continual use of the DAKOTA FENCE Marks by Plaintiff, such marks have become assets of substantial value to Plaintiff and such marks acquired secondary meaning many years ago with the public as indicating a single source of Plaintiff's quality goods and services.

171740277v1

## DEFENDANT'S INFRINGEMENT AND MISUSE OF PLAINTIFF'S DAKOTA FENCE MARKS

18.Defendant provides residential and commercial fencing products and services in North Dakota. Defendant's products and services are identical to products and services offered by Plaintiff Dakota Fence and covered by Plaintiff's DAKOTA FENCE Marks.

19.Without the consent of Plaintiff, and beginning long after Plaintiff had established extensive and valuable goodwill in connection with its goods and services identified by the DAKOTA FENCE Marks, Defendant commenced to use, and is currently using, in interstate commerce and commerce affecting interstate commerce, identical or confusingly similar marks incorporating, in whole or in part, "DAKOTE FENCE" in connection with the sale, offering for sale, distribution, advertising and promotion of Defendant's goods and services, including, without limitation, residential and commercial fencing products and services.

20.Defendant advertises its products and services through channels that include, *inter alia,* an interactive Internet website located at https://fencecontractor.pro (the "Website"). Defendant promotes and drives traffic to its Website via "keyword" advertising provided by and purchased from internet service providers such as Google. Google's keyword advertising program is known as "AdWords."

21.Keyword advertising programs such as Google's AdWords take search requests from consumers and return paid or "sponsored" advertisements in a featured position relative to the "natural" or "generic" search engine results. Such paid or "sponsored" advertisements are routinely displayed first and are often the only results viewed by the consumer.

22.Defendant has purchased keyword advertising including and incorporating Plaintiff's DAKOTA FENCE Marks.

23. Defendant's resulting paid or "sponsored" advertisements have prominently included and displayed marks incorporating, in whole or in part, "DAKOTE FENCE" which are identical or confusingly similar to Plaintiff's DAKOTA FENCE Marks:



24. Such use of identical or confusingly similar marks incorporating, in whole or in part, "DAKOTA FENCE" by Defendant is without permission or authority of Plaintiff and has actually caused, and/or is likely to cause, confusion and mistake and deception among consumers and customers.

25. In selecting and using identical or confusingly similar marks in connection with the sale and offering for sale of its goods and services, Defendant has acted, and continues to act, with the intent and purpose of improperly taking or benefiting from the favorable reputation and valuable goodwill which Plaintiff has established in the DAKOTA FENCE Marks, and has caused, and continues to cause, its goods and services to be palmed off as made, authorized, sponsored, or endorsed by or otherwise connected with Plaintiff.

26. The "DAKOTA FENCE" mark used by Defendant is a colorable imitation of and confusingly similar to Plaintiff's DAKOTA FENCE Marks.

27.     Defendant's activities have caused actual confusion and/or are likely to cause confusion, mistake and deceive customers, consumers and others as to the source, nature and quality of the goods and services offered by Defendant.

28.     Plaintiff Dakota Fence has been seriously damaged by Defendant's activities complained of in this pleading, and unless Defendant's activities complained of herein are preliminarily and permanently enjoined, Plaintiff and its goodwill and reputation will suffer irreparable injury of an insidious and continuing sort that cannot be adequately calculated or compensated in money damages.

## COUNT I
## TRADEMARK INFRINGEMENT

29.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.     Defendant's acts constitute trademark infringement in violation of the Federal Trademark Act of 1946, specifically 15 U.S.C. § 1114(1) and of Plaintiff's trademark rights at common law.

31.     Defendant's acts of infringement have caused Plaintiff damages, and Plaintiff seeks judgment pursuant to 15 U.S.C. § 1117 for Defendant's profits made by Defendant's unauthorized and infringing use of Plaintiff's trademarks, for the damages sustained by Plaintiff, for all costs necessary to remediate the infringing uses and their effects, and for the costs, expenses, and reasonable attorneys' fees incurred in bringing the present action.

32.     Plaintiff seeks judgment for three times the amount of Defendant's profits or Plaintiffs' damages, whichever is greater, due to the nature of Defendant's conduct.

## COUNT II
## TRADE NAME INFRINGEMENT

33. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

34. Defendant's acts constitute trade name infringement in violation of Plaintiff's trade name rights at common law and have caused Plaintiff damages as hereinafter alleged.

## COUNT III
## UNFAIR COMPETITION AND PASSING OFF

35. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

36. Defendant has used names and marks which are identical or confusingly similar to Plaintiff's DAKOTA FENCE Marks with the intent to deceive the public into believing that goods and services offered or sold by Defendant are made by, approved by, sponsored by or affiliated with Plaintiff.

37. Defendant's acts as alleged herein were committed with the intent to pass off and palm off Defendant's goods and services as the goods and services of Plaintiff, and with the intent to deceive and defraud the public.

38. The acts of Defendant constitute unfair competition and passing off, and have caused Plaintiff damages, including, without limitation, lost profits, harm to reputation, and costs to remediate the confusion and harm to goodwill and reputation caused by Defendant.

39. Defendant's acts constitute violations of 15 U.S.C. § 1125 and of the common law.

40. Defendant's acts of infringement have caused Plaintiff damages, and Plaintiff seeks judgment pursuant to 15 U.S.C. § 1117 for Defendant's profits made by Defendant's unfair competition and passing off of Plaintiffs' goods and services, for the damages sustained by Plaintiff, for all costs necessary to remediate the unfair competition and passing off and their

effects, and for the costs, expenses and reasonable attorneys' fees incurred in bringing the present action.

41. Plaintiff further seeks judgment for three times the amount of Defendant's profits or Plaintiff's damages, whichever is greater, due to the nature of Defendant's conduct.

## COUNT III
## FALSE DESIGNATION OF ORIGIN

42. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

43. Defendant has promoted and advertised products and services in interstate commerce with the designation and mark "DAKOTA FENCE" connected therewith.

44. Defendant's use of said designation and other representations constitute a false designation of origin which has actually caused, and/or is likely to cause, confusion and mistake and to deceive as to the affiliation, connection, or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of such goods and services by Plaintiff.

45. Defendant's acts are in violation of 15 U.S.C. § 1125 in that Defendant has used in connection with goods and services a false designation of origin, or a false or misleading description and representation of fact, which has actually caused, and/or is likely to cause, confusion and mistake and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, and approval of Defendant's goods, services, and commercial activities by Plaintiff.

## COUNT IV
## NORTH DAKOTA UNLAWFUL SALES OR
## ADVERTISING PRACTICES

46. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

47. Defendant's conduct violates the Unlawful Sales or Advertising Practices Act, North Dakota Century Code 51-15, et seq., including Section 51-15-02, which prohibits "[t]he act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby…"

48. Fence products constitute "merchandise" under the Unlawful Sales or Advertising Practices Act.

49. Defendant has used deceptive acts or practices, false pretenses, false promises, and misrepresentations with the intent that others rely thereon, in connection with the sale or advertisement of its good and services to the public.

50. Plaintiff has suffered injury as a result of Defendant's unfair, deceptive and misleading acts.

51. Plaintiff is entitled to injunctive relief, damages and/or all other available remedies.

## COUNT V
## UNFAIR COMPETITION

52. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

53. Defendant is liable to Plaintiff for unfair competition under applicable state and/or common law.

54. The acts of Defendant constituting unfair competition have caused Plaintiff damages as hereinafter alleged.

171740277v1

## COUNT VI
## UNJUST ENRICHMENT

55. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

56. Defendant is liable to Plaintiff for unjust enrichment under applicable state and/or common law.

57. The acts of Defendant have caused Plaintiff damages and unjustly enriched Defendant as hereinafter alleged.

## COUNT VII
## DAMAGES AND INJUNCTIVE RELIEF

58. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

59. By reason of Defendant's acts alleged herein, Plaintiff has and will suffer damages to its business, reputation and goodwill and the loss of sales and profits Plaintiff would have made but for Defendant's acts, and will further suffer the costs of remediating the harm to Plaintiff's goodwill and marks which has resulted. Defendant has wrongly profited from and been unjustly enriched by its conduct.

60. Plaintiff is entitled to damages under 15 U.S.C. § 1117 as a result of Defendant's violations and wrongful and willful conduct under 15 U.S.C. §§ 1114(1) and 1125(a), (c) and (d), including, without limitation, Defendant's profits as a result of such violations and conduct. Plaintiff is further entitled to an award of triple the amount of Defendant's profits or Plaintiff's damages, whichever is greater, and to costs and reasonable attorneys' fees.

61. Plaintiff is further entitled to damages, costs, and reasonable attorneys' fees for Defendant's violations of Plaintiff's rights under the common law and under the statutory law of the United States and/or North Dakota.

62. Defendant intends to continue to do the acts complained of herein unless restrained and enjoined.

171740277v1

63. Plaintiff's remedy at law is inadequate.

64. Plaintiff is entitled to an injunction prohibiting Defendant, and its affiliates, shareholders, officers, agents, servants and employees, and anyone acting with their authority or on their behalf, from directly or indirectly using the accused marks or any other mark, word or name similar to Plaintiff's DAKOTA FENCE Marks which has actually caused, and is likely to cause, confusion and mistake or to deceive.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

1. That this Court issue an injunction pursuant to 15 U.S.C. § 1116 and North Dakota law enjoining and restraining Defendant, and its affiliates, shareholders, officers, agents, servants and employees, or anyone acting with their authority or on their behalf, from directly or indirectly using any name, designation or mark containing "DAKOTA FENCE", or any other mark, word, designation or name similar to Plaintiff's DAKOTA FENCE Marks which is likely to cause, confusion and mistake or to deceive;

2. That this Court, pursuant to 15 U.S.C. § 1118, order that all labels, signs, websites, trucks, equipment, apparel, prints, packages, wrappers, receptacles, and advertisements in the possession or under the control of Defendant bearing any name or mark containing the word "DAKOTA FENCE", or any confusingly similar term, and all plates, molds, matrices and other means of making the same, shall be delivered up and destroyed;

3. That Defendant be required to account to Plaintiff for any and all benefits or profits derived by Defendant from the use of any name or mark incorporating the term "DAKOTA FENCE", or any confusingly similar term, including, without limitation, the sale of any and all products or services associated with any such name or mark, and for all damages

171740277v1

sustained by Plaintiff by reason of said acts of infringement and unfair competition complained of herein;

4. That this Court award Plaintiff triple the amount of Defendant's profits or Plaintiff's damages, whichever is greater;

5. That the costs of this action be awarded to Plaintiff;

6. That Plaintiff be awarded their reasonable attorneys' fees due to the exceptional and willful nature of this case; and

7. That this Court grant such other and further relief as it shall deem just.

## DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded for all issues so triable.

Dated: March 17, 2025                    **TAFT STETTINIUS & HOLLISTER LLP**

By /s/ *Jason R. Asmus*
   Jason R. Asmus (ND #09104)
   Michael M. Lafeber *Pro Hac Vice Pending*
2200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2157
(612) 977-8400
jasmus@taftlaw.com
mlafeber@taftlaw.com
**ATTORNEY FOR DAKOTA FENCE COMPANY**

171740277v1